# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARVIN FRIEDMAN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 11 CV 5057 |
| ) | |
| v. ) | Hon. Charles R. Norgle |
| ) | |
| THE PENSION SPECIALISTS, LTD. ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the Court is Defendant The Pension Specialist, Ltd.'s ("Defendant") motion to dismiss Plaintiff Marvin Friedman's ("Plaintiff") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is denied.

## I. BACKGROUND

### A. Facts

The Court takes the following facts from Plaintiff's complaint. Plaintiff was the Trustee and an account holder under the Oakton Distributors, Inc. 401(K) Plan (the "Plan"). Defendant acted as the Plan's administrator. Plaintiff terminated the Plan in December 2006, and directed Defendant to liquidate his account and immediately distribute the proceeds to him. Defendant failed to comply with Plaintiff's request. In September 2007, Plaintiff again directed Defendant to liquidate his account and distribute the proceeds to him. Because of Defendant's alleged delay and mismanagement of the account, it suffered diminution in value of at least $65,269.98. Plaintiff contends that Defendant's failure to implement all directions and requests with regard to his account and its failure to place the account funds in a lower risk investment constituted a

breach of contract, a breach of fiduciary duty, and gross negligence.

## B. Procedural History

Plaintiff initiated this lawsuit on May 18, 2011, in the Circuit Court of Lake County, Illinois. Pursuant to 28 U.S.C. § 1446, Defendant removed the action to this Court. Defendant now moves to dismiss Plaintiff's claims with prejudice. The motion is fully briefed and before the Court.

## II. DISCUSSION

### A. Standard of Decision

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In other words, a plaintiff's complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation omitted). "To meet this plausibility standard, the complaint must supply 'enough fact to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." Id. (quoting Twombly, 550 U.S. at 556). The Court construes the complaint "in the light most favorable to the nonmoving party, accept[s] well-pleaded facts as true, and draw[s] all inferences in [his] favor" Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wis., 657 F.3d 496, 502 (7th Cir. 2011) (internal quotation marks and citation omitted). "Dismissal is proper if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" Wilson v. Price, 624 F.3d 389, 392 (7th Cir. 2010) (quoting Kennedy v. Nat'l Juvenile Det. Ass'n, 187 F.3d 690, 694 (7th Cir.

1999)).

**B. Motion to Dismiss**

Defendant advances four grounds upon which the Court should dismiss Plaintiff's claims with prejudice. Each is discussed below.

*1. ERISA Preemption*

Defendant argues that Plaintiff's claims are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. In support of this argument, Defendant attached the Plan to its motion to dismiss. The Plan states, among other things, that it is "intended to comply with section 404(c) of ERISA." Def.'s Mem. of Law in Supp. of Its Mot. to Dismiss Pl.'s Compl. Pursuant to Fed. R. Civ. P. (12)(b)(6) Ex. 1, at 40 [hereinafter Mot. to Dismiss]. At this stage in the litigation, the Court is ordinarily confined to Plaintiff's complaint, which did not attach the Plan. See McCready v. eBay, Inc., 453 F.3d 882, 891 (7th Cir. 2006). Under a narrow exception, however, "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." EEOC v. Concentra Health Servs., Inc., 496 F.3d 773, 778 (7th Cir. 2007) (internal quotation marks and citation omitted). Plaintiff refers to the Plan in his complaint and, in his response to Defendant's motion, quotes the specific provisions in the Plan that are central to his claims. The Court therefore considers Plaintiff's allegations and the Plan submitted by Defendant.

The Seventh Circuit has "held that ERISA 'preempts a state law claim if the claim requires the court to interpret or apply the terms of an employee benefit plan.'" Trs. of AFTRA Health Fund v. Biondi, 303 F.3d 765, 780 (7th Cir. 2002) (quoting Collins v. Ralston Purina Co.,

3

147 F.3d 592, 595 (7th Cir. 1998)). If, however, "the connection between a state law claim and the benefit plan is too tenuous, remote, or peripheral, ERISA's preemption provision may not apply." Sharp Elecs. Corp. v. Metro. Life Ins. Co., 578 F.3d 505, 514 (7th Cir. 2009). Here, Plaintiff was allowed to control his investments and to elect distribution under the Plan. Plaintiff terminated the Plan in December 2006, and directed Defendant to liquidate his account and immediately distribute the proceeds to him. Defendant failed to comply with Plaintiff's request. In September 2007, Plaintiff again directed Defendant to liquidate his account and distribute the proceeds to him. One of the core issues is whether the account funds were distributed, according to the Plan's language, "[a]s soon as practicable following the date of termination." Mot. to Dismiss Ex. 1, at 35. Because the Court would necessarily have to interpret and/or apply the terms of the Plan, ERISA preempts Plaintiff's state law claims.

Contrary to Defendant's contention, this conclusion does not mean that the claims must be dismissed. See McDonald v. Household Int'l, Inc., 425 F.3d 424, 428 (7th Cir. 2005) (finding error in the district court's decision that preemption under ERISA means that the complaint must be dismissed or amended). "The real question [is] whether relief [is] possible based on any legal theory—ERISA included—under any set of facts that could be established consistent with the allegations." Id. Plaintiff's allegations suggest that he has a right to relief under the civil enforcement provision of ERISA, § 502(a), 29 U.S.C. §1132(a). Under this section, a plan participant may bring a civil action to, among other things, "recover benefits due to him under the terms of his plan, [or] to enforce his rights under the terms of the plan," 29 U.S.C. §1132(a)(1)(B), or "for appropriate relief under section 1109" for breach of fiduciary duty, id. § 1132(a)(2). Defendant's motion to dismiss on this basis is therefore denied.

4

## 2. *Proper Defendant*

Next, Defendant argues that it is not a proper defendant because it is not the Plan administrator, the employer, or the Plan. Rather, Defendant is the Plan sponsor. "The proper defendant in a suit for benefits under an ERISA plan is . . . normally the plan itself." Feinberg v. RM Acquisition, LLC, 629 F.3d 671, 673 (7th Cir. 2011) (citing 29 U.S.C. §1132(a)(1)(B); Blickenstaff v. R.R. Donnelley & Sons Co. Short Term Disability Plan, 378 F.3d 669, 674 (7th Cir. 2004)). "But when the lines between the plan, the plan administrator, and the plan sponsor are indistinct or contested, the plaintiff's designation of the 'wrong' defendant can be forgiven provided the 'right' defendant is not misled." Id. (citations omitted). Indeed, as Defendant asserts, "whether a third-party administrator may be sued is determined by whether it is 'closely intertwined' or interchangeable with the Plan and whether it controls benefits determinations and payments." Mot. to Dismiss 8 (citing Samaritan Health Ctr. v. Simplicity Health Care Plan, 459 F. Supp. 2d 786, 792-795 (E.D. Wis. 2006)); see also Mote v. Aetna Life Ins. Co., 502 F.3d 601, 610-11 (7th Cir. 2007) (discussing circumstances wherein the proper defendant is not the plan itself).

The Court also notes that the Supreme Court has held that § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), does not limit the "universe of possible defendants" able to be sued. Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc., 530 U.S. 238, 246 (2000). Since this decision, the Seventh Circuit has not had occasion to revisit the issue of proper defendants in an ERISA suit under § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), Schultz v. Aviall, Inc. Long Term Disability Plan, No. 11-2990, 2012 WL 678285, at *7 n.1 (7th Cir. Mar. 2, 2012). But the Ninth Circuit has held, for example, that an insurer is a proper defendant. Cyr v. Reliance Standard

5

Life Ins. Co., 642 F.3d 1202, 1206-07 (9th Cir. 2011) (en banc). The rationale and holding in Harris logically extend to § 502(a)(2) of ERISA, 29 U.S.C. § 1132(a)(2), which empowers a plan participant, among others, to bring a civil action "for appropriate relief under section 1109" for breach of fiduciary duty. 29 U.S.C. § 1132(a)(2). Section 1109 does not limit the defendants able to be sued. Id. § 1109 ("Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties . . . shall be personally liable . . . ." (emphasis added)). Such an application of Harris accords with the view that ERISA is a "'comprehensive and reticulated statute'" with "carefully integrated civil enforcement provisions." Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 146 (1985) (quoting Nachman Corp. v. Pension Benefit Guar. Corp., 446 U.S. 359, 361 (1980)).

Nonetheless, Defendant argues that "Oakton Distributors, Inc. was given the authority to control administration of the plan, in particular in permitting Plan distributions, which further shows that Pension Specialists did not control benefit determination nor is it interchangeable with the Plan." Mot. to Dismiss 8. But simply because Oakton Distributors, Inc. was given authority to control administration of the Plan does not mean that Defendant did not exercise any control. Taking Plaintiff's allegations as true and drawing all inferences in his favor, Defendant may be sued because it acted as the Plan administrator and controlled benefit distribution payments. Thus, Defendant's motion to dismiss on this basis is denied.

### 3. *Failure to State a Claim for Breach of Fiduciary Duty*

Defendant argues that even if it can be considered a proper defendant, Plaintiff cannot state a claim for breach of fiduciary duty. Defendant contends that this claim should be summarily dismissed because Plaintiff seeks monetary rather than equitable relief. This

6

argument, however, presumes that Plaintiff's claim relies on § 502(a)(3) as the basis for relief—a conclusion the Court rejects as premature. Section 502(a)(2) of ERISA, for example, authorizes "recovery for fiduciary breaches that impair the value of plan assets in a participant's individual account." LaRue v. DeWolff, Boberg & Assocs., Inc., 552 U.S. 248, 256 (2008); see also Peabody v. Davis, 636 F.3d 368, 373 (7th Cir. 2011).

Additionally, Defendant asserts that Plaintiff cannot establish that it is a Plan fiduciary. The Court disagrees. Under ERISA § 3, 29 U.S.C. § 1002,

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21). Plaintiff alleges that Defendant is the holder and manager of his account and that it acted as the Plan administrator and controlled benefit distribution payments. These allegations are sufficient to suggest that Defendant is a Plan fiduciary. Defendant's motion to dismiss for failure to state a claim for breach of fiduciary duty is therefore denied.

### 4. *Breach of Fiduciary Duty Statute of Limitations*

Finally, Defendant argues that Plaintiff's breach of fiduciary duty claim is time barred. "A statute of limitations provides an affirmative defense, and a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses. But when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." Indep. Trust Corp., 665 F.3d at 935 (citing Brooks v. Ross, 578 F.3d 574, 579 (7th Cir. 2009)). The statute of limitations for breach of fiduciary duty under ERISA is

the earlier of:

> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation.

29 U.S.C. § 1113.[1] Defendant argues that the three-year statute of limitations in § 1113(2) bars Plaintiff's May 2011 claim. Specifically, Defendant asserts that "[b]ased on Plaintiff's own allegations, by September 2007, Plaintiff had actual knowledge of the alleged breach at issue - - Pension Specialists failure to liquidate the Account in accordance with Plaintiff's instructions." Mot. to Dismiss 12. But Defendant's failure to liquidate and promptly disburse the account funds at Plaintiff's request is not the sole alleged basis for relief. Plaintiff also alleges that Defendant's failure to "place the Account funds in a lower risk investment not subject to market fluctuations constituted a breach of its fiduciary duty." Compl. ¶ 17. There is no argument that this failure is untimely. Therefore, Plaintiff's complaint does not, itself, set forth everything necessary to satisfy the affirmative defense. Thus, Defendant's statute of limitations argument is rejected as premature. Defendant's motion to dismiss on statute of limitations grounds is therefore denied.

---

[1] However, "in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation." Id.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is denied. Whether the issues raised in this motion may be resolved on summary judgment is a question for another day.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge

United States District Court

DATED: March 19, 2012